**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951.290.2827
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No: 6:23-bk-10896-WJ |
| **PATRICIA ANN DOUBLET** | Chapter 13 |
| Debtor. | **NOTICE OF CONTINUANCE OF STATUS CONFERENCE AND CONFIRMATION HEARING** |
| | **Hearing:**<br>Date: September 18, 2023<br>Time: 1:30 p.m.<br>Courtroom: 304 |

ALL INTERESTED PARTIES, PLEASE TAKE NOTICE:

The Status Conference that was previously scheduled for April 26, 2023 at 1:30 p.m. has been continued to September 18, 2023 at 1:30 p.m. The Confirmation Hearing that was previously scheduled for May 10, 2023 at 2:00 p.m. has been continued to September 18, 2023 at 1:30 p.m.

Further information about this continuance and other applicable procedures can be found in the attached Scheduling Order entered on March 21, 2023 as docket #22.

.

Date: March 21, 2023

**NEXUS BANKRUPTCY**

_____
BENJAMIN HESTON,
Attorney for Debtor

1

**FILED & ENTERED**

**MAR 21 2023**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch      DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>PATRICIA ANN DOUBLET,<br><br>                Debtor. | Case No.: 6:23-bk-10896-WJ<br><br>CHAPTER 13<br><br>**SCHEDULING ORDER** |

1    Commencing in March of 2020, the outbreak of COVID-19, also known as the coronavirus, spread throughout the country and the world. The federal courts closed that month and, except for a brief period of time in the summer of 2020, remained closed until April of 2021. During this period of time, the courts adapted and, in various ways, employed remote technology.

In particular, the court has used video technology to conduct chapter 13 confirmation hearings and status conferences. It appears this process has enhanced (considerably) the convenience of these matters for the parties and the court. Therefore, the court intends to continue conducting such matters by video for the foreseeable future.

However, for several reasons, video hearings should occur separately from other matters not handled by video. In other words, the court avoids conducting video hearings at the same time as in-person hearings. Video hearings should occur on separate days and at separate times.

Therefore, the Court hereby ORDERS as follows:

1.    The status conference set for April 26, 2023 at 1:30 p.m. is hereby continued to September 18, 2023 at 1:30 p.m. The confirmation hearing currently scheduled for May 10, 2023 at 2:00 p.m. is hereby continued to September 18, 2023 at 1:30 p.m. Counsel for the debtor shall file and serve a notice of the continuance no later than March 28, 2023.

2.    The meeting of creditors is currently scheduled for April 26 2023. No later than fourteen days prior to this meeting of creditors (and all future meetings of creditors), the debtor shall comply with LBR 3015-1(m) and file and serve the secured debt payment history declaration required in this case. This topic is discussed in section III(L) on pages 32-35 of the procedures order in this case which counsel for the debtor should review.

3.    If, after conducting the meeting of creditors, the trustee seeks dismissal of the case, the trustee should file and serve a request to dismiss the case by April 28, 2023 either in the form of (a) an objection to confirmation and a request to dismiss the case or (b) a motion to dismiss the

1    case. If the trustee does so, the deadline for the debtor to respond to any request by the trustee to

2    dismiss the case filed by April 28, 2023 (whether as an objection to confirmation and a request to

3    dismiss the case or a motion to dismiss the case) is May 5, 2023. Thereafter, the Court will review

4    the pleadings and, in most instances, rule on the motion.

5

6        4.    If the case is not dismissed after the meeting of creditors, then the following

7    procedures apply:

8        (a)    The trustee or any other party may file a motion to dismiss at any time or

9    any other motions and the deadline for the debtor to respond to such motions shall be

10   governed by the local rules.

11       (b)    If the debtor owns the current residence where the debtor lives, the debtor

12   should file (no later than August 28, 2023) a secured debt payment history declaration

13   demonstrating that the debtor has made all monthly post-petition mortgage payments from

14   the petition date through September 2023. If the debtor owns the residence but it is not

15   subject to any mortgage, the declaration can be very short (i.e. a sentence or two) that

16   simply states as much. If the debtor resides at property the debtor does not own, the debtor

17   should file (no later than August 28, 2023) a declaration demonstrating that the debtor has

18   made all monthly post-petition rent payments (with proof attached).[1]

19       (c)    If the trustee supports confirmation then, after the debtor files the required

20   pleading, the chapter 13 trustee should file, no later than September 5, 2023, a pleading

21   stating as much and attach a worksheet with the proposed terms of confirmation. If the

22   chapter 13 trustee does not support confirmation then, no later than September 5, 2023, the

23   trustee should file a motion requesting dismissal which states all grounds for dismissal and

24   includes a declaration in support of the motion. If the debtor has not made all post-petition

25   mortgage or rent payments for all post-petition months, the trustee normally requests

26   dismissal of the case. If, for any reason, the trustee does not do so, the proposed terms of

27

28   [1] With respect to rent payments, in nearly all instances, post-petition obligations of assumed executory contracts or unexpired leases constitute administrative claims which must be paid in full pursuant to section 1322(a)(2).

1  confirmation must (a) include provisions to cure all post-petition arrearages (as well as any
2  pre-petition arrearage) and (b) provide for conduit payments for the monthly payments for
3  the rest of the case.

4     (d) The deadline for the debtor to respond to the trustee's pleading is
5  September 11, 2023.  If the trustee seeks dismissal, the debtor should file an opposition
6  brief to the dismissal motion no later than September 11, 2023.  If the trustee recommends
7  confirmation, the debtor should state whether the debtor agrees with the terms of
8  confirmation proposed by the trustee.

9     (e) The Court will review the pleadings and may issue a ruling without holding
10 hearings on September 18, 2023 that (a) continues the matter, (b) dismisses the case or
11 (c) grants other relief depending on various factors including, but not limited to, whether or
12 not an agreement exists regarding confirmation, and whether or not the debtor has timely
13 made payments and provided documents to the trustee during the case.  If no order is
14 entered prior to September 18, 2023, all parties should check the Court's posted calendar
15 the day before September 18, 2023.

16 IT IS SO ORDERED.

17               ###

24 Date: March 21, 2023
25             Wayne Johnson
            United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**100 Bayview Circle, Suite 100**
**Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF CONTINUANCE OF STATUS CONFERENCE AND CONFIRMATION HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/21/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)     notice-efile@rodan13.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 3/21/2023 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge Wayne E. Johnson**
3420 Twelfth Street
Suite 384 / Courtroom 304
Riverside, CA 92501-3819

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/21/2023 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>Po Box 826880<br>Sacramento, CA 94280-0001 | Franchise Tax Board<br>Personal Bankruptcy MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Mohela<br>Claims Department<br>633 Spirit Dr<br>Chesterfield, MO 63005-1243 | SchoolsFirst Federal Credit Union<br>Po Box 11547<br>Santa Ana, CA 92711-1547 | Shellpoint Mortgage Servicing<br>Po Box 10826<br>Greenville, SC 29603-0826 |
| The Bank of New York Mellon<br>Po Box 10826<br>Greenville, SC 29603-0826 | Trustee Corps<br>17100 Gillette Ave<br>Irvine, CA 92614-5603 | |