| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>Benjamin Heston (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>Tel: 949-312-1377<br>Fax: 949-288-2054<br>ben@nexusbk.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for*: Debtor | **FILED & ENTERED**<br><br>JUN 16 2023<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY gooch    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -RIVERSIDE DIVISION**

| In re:<br><br>PATRICIA ANN DOUBLET,<br><br>Debtor(s). | CASE NO.: 6:23-bk-10896-WJ<br>CHAPTER: 13<br><br>**SCHEDULING ORDER** |
|---|---|
| Movant: PATRICIA ANN DOUBLET | |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                         Page 1                                        **F 9075-1.1.ORDER.SHORT.NOTICE**

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

   a. *Title of motion*: Debtor's Motion For Authority To Incur Debt [Personal Property]

   b. *Date of filing of motion:* June 16, 2023

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

   *Date of filing of Application*: June 16, 2023

3. Based upon the court's review of the application, it is ordered that:

   a. ☐ The Application is denied.  The motion may be brought on regular notice pursuant to LBRs.

   b. ☒ The Application is granted, and it is further ordered that:

   (1) ☒ A hearing regarding the motion will take place as follows:

   | | |
   |---|---|
   | Hearing date: July 6, 2023 | |
   | Time:  2:30 p.m. | Place: 3420 Twelfth Street, Riverside, CA 92501 |
   | Courtroom: 304 | |

   (2) ☒ No later than the deadline given below, written notice of the hearing, a copy of this order, the motion, declarations, and supporting documents (if any), must be served upon all persons/entities listed by first class mail.

   | | |
   |---|---|
   | (B) *Deadlines:*<br>Date: June 20, 2023<br>Time: 5:00 p.m. | (C) *Persons/entities to be served with written notice and a copy of this order:*<br><br>All creditors and the chapter 13 trustee.<br><br>(D) S*ervice is also required upon*:<br>-- United States trustee *(electronic service is not permitted)*<br>-- Judge's copy personally delivered to chambers<br>  (*see Court Manual for address*) |

   (3) Opposition to the motion may be made orally at the hearing bur written opposition filed a day before the hearing is often helpful.

   (4) No later than June 23, 2023, the moving party shall file a declaration demonstrating that the service and notice required by this order has been accomplished timely.

   (5) The pending motion seeks to obtain secured post-petition financing, but the motion does not disclose any terms of the loan.  The debtor should file a supplemental pleading at least a week prior to the hearing with the proposed loan terms.  These types of motions almost universally request permission to borrow money on a recourse basis (i.e., the borrower is personally liable to the lender).  Such motions also typically contemplate that the proposed debt will be secured by collateral and such a request is permissible under section 364 of the Bankruptcy Code.  However, debt incurred post-petition on a recourse basis will also create an administrative claim in this chapter 13 case. See, e.g., In re Steenes, 942 F.3d 834 (7th Cir. 2019); Security Bank of Marshalltown v. Neiman, 1 F.3d 687 (8th Cir. 1993).  The

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013* — Page 2 — **F 9075-1.1.ORDER.SHORT.NOTICE**

amount of the administrative claim will depend on the extent to which (if any) the collateral is insufficient to pay the creditor in full.

As a consequence, in order to avoid any unpaid administrative claim at the end of the case, the terms of the proposed new recourse financing need to provide for re-payment of the new financing in full during the term of the chapter 13 plan.  If the current terms of the financing contemplate payment of the new debt in full during the existing term of the plan, the motion can be approved with the condition that if the moving party seeks to pay off the plan early, it will also need to pay off the new financing early.  In other words, the chapter 13 plan could not conclude until the new debt is paid in full.

If, on the other hand, the current terms of the proposed financing extend beyond the current proposed length of the chapter 13 plan, then the terms of the proposed chapter 13 plan will need to be modified and/or extended to provide for payment of the debt prior to conclusion of the chapter 13 case.

The Court would appreciate it if counsel would review the cases cited above prior to the hearing.

IT IS SO ORDERED.

###

Date: June 16, 2023

_____
Wayne Johnson
United States Bankruptcy Judge

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*　　　　　　　　　　　　　　　　　Page 3　　　　　　　　　　　　　**F 9075-1.1.ORDER.SHORT.NOTICE**